IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| INSURANCE KING AGENCY, INC., an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Paul Moss Insurance Agency, LLC, an Ohio Limited Liability Company, DBA Insurancewins and operating via an Ohio Registered Tradename of Epiq Insurance Agency; Paul Moss, an individual and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT:**<br><br>**TRADEMARK INFRINGEMENT,<br>15 U.S.C. §1114;**<br><br>**FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING AND UNFAIR COMPETITION<br>15 U.S.C. § 1125(a)(1)(A), (B);**<br><br>***(Jury Demand Endorsed Herein)*** |

Plaintiff Insurance King Agency, Inc. ("King Agency"), by and through its undersigned attorneys, hereby makes this Complaint against Paul Moss Insurance Agency, LLC ("Moss Agency"), an Ohio Limited Liability Company and Paul Moss and individual and Does 1-10, inclusive (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This action arises under the United States Lanham Act, 15 U.S.C. §1051 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over Defendants as Defendant the Moss Agency is incorporated in Ohio and Moss, on information and belief, resides in Ohio and directs the activities of the Moss Agency. Moss, on information and belief, directed the wrongful conduct outlined in this Complaint and is a principal of the Moss Agency. The Moss Agency operates in part as a DBA/registered tradename called Epiq Insurance Agency and as a

DBA/tradename called Insurancewins. Moss, on information and belief, directs the operations of the corporate Defendant the Moss Agency via the DBA and tradenames Epiq Insurance Agency or Epiq and Insurancewins and Moss, on information and belief, specifically designed and executed the unlawful schemes outlined in this Complaint through the Moss Agency. Defendants, on information and belief, operate from the following addresses: 5895 Harper Rd, Solon, OH 44139 and 32875 Solon Road, Solon, OH 44139. The Defendants, on information and belief, own and operate a website located at http://www.insurancewins.com which is the website that was used to employ the wrongful and deceptive practices outlined in this Complaint.

3. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and the Defendants' principal place of business and residence are within the Northern District of Ohio.

## NATURE OF ACTION

4. This is an action for trademark infringement, unfair competition and false designation of origin and false advertising under the *Lanham Act*, 15 U.S.C.§§ 1114, 1125(a)(1)(A) and (B).

## PARTIES

5. King Agency is an Illinois corporation with its principal place of business at 127 N. Alpine Road, Rockford, Illinois 61107.

6. King Agency is informed and believes, and on such information and belief alleges, that Defendant the Moss Agency is an Ohio Limited Liability Company with addresses of 5895 Harper Rd, Solon, OH 44139 and 32875 Solon Road, Solon, OH 44139. Defendant Moss, on information and belief, is an individual and a resident of Ohio. On information and belief, Moss is the owner of the Moss Agency and is otherwise the person who directed the

wrongful conduct alleged in this Complaint. All the Defendants, on information belief, operate via the DBA Insurancewins and Epiq Insurance Agency or Epiq and operate the website located at http://www.insurancewins.com.

7.  King Agency does not know the true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive, and therefor sues such by fictitious names. King Agency will amend this Complaint to allege the true names and capacities of Does 1 through 10, inclusive, when ascertained. King Agency is informed and believes, and on such information and belief alleges, that each Defendant sued herein as Does 1 through 10, inclusive, is responsible in some manner for the occurrence, injury and other damages alleged herein.

8.  King Agency is informed and believes, and on such information and belief alleges, that at all times mentioned herein, each of the Defendants was an alter-ego, agent, employee, guarantor, assignee, successor of the other and in doing the things hereinafter mentioned, was acting within the course and scope of such agency, employment, assignment, license and/or relationship in doing the acts alleged herein. For example, attached to this Complaint as Exhibit A, is a copy of the Terms of Use found at https://epiqagency.com/terms-of-use/ which is Epic's website.  In the first paragraph of these Terms, it says, "Please read…carefully as it applies to your use of online services and digital products of Insurance Wins ("EPIQ" or "we" or "us"). The Moss Agency is, on information and belief, a Nationwide Insurance affiliated agency and is identified by Nationwide as being affiliated with Epiq. Attached to this complaint as Exhibit "B" is a page from Nationwide Insurance's website located at https://agency.nationwide.com/oh/solon/44139/paul-moss-insurance-agency-llc which identifies the website for the Moss Agency as the same web address as the Epiq website. Attached to this Complaint as Exhibit "C" is a page from a D & B listing which identifies the website of The Moss Agency as the Epiq website.  https://www.dnb.com/business-

directory/company-profiles.paul_moss_insurance_agency_llc.a2fef590f3412a915b26e62e8eefa177.html The wrongful conduct outlined in this Complaint and as more fully explained below, was, on information and belief, orchestrated by Defendant Moss utilizing The Moss Agency and Epic and Insurancwins as the vehicles of the deception. As set forth in greater detail in the letter dated September 17, 2021 (Exhibit "H"), the fact that Moss directed the wrongful conduct alleged in this Complaint was confirmed by "Chris" who, on information and belief, is an employee of The Moss Agency and who confirmed that the wrongful conduct was orchestrated by Moss. On information and belief, each of these Defendants and Does 1-10 are alter egos of each other.

## SUMMARY OF FACTS

9. Since 2000, King Agency has operated as an insurance broker specializing in writing low cost automobile insurance, SR-22's, motorcycle and renter's insurance policies for individual consumers.

10. King Agency markets its insurance services through the Internet from its websites at www.insuranceking.com as well as www.insurancekingquote.com and also utilizes other media and has over 8 million views on YouTube®.

11. King Agency is also the sponsor of NASCAR driver Josh Bilicki and its insuranceking.com and its Lion Logo are prominently displayed on his race car as well as the bus and car carrier which travels to each race across the country.

/ / /

/ / /

/ / /

/ / /







12.     King Agency, while based in Illinois, has offices and is actively writing policies in Colorado, Indiana, Iowa, Mississippi, Missouri, Kansas, Ohio, Pennsylvania, Tennessee, Texas and Wisconsin.  It is licensed to issue insurance policies in Alabama but has not done so as of yet.  King Agency is also in the process of applying in other states, including North Carolina, South Carolina, Georgia and California and has even received multiple requests for quotes from California residents that it must decline until its licensing in the state is complete.

13.     For over twenty years, and long before the acts of the Defendants herein, King

6

Agency has used the marks "Insurance King" and its "Lion Logo" in advertising for its services, on its signage for its brick and mortar offices as well as promotional materials and in social media.

14. King Agency is also the owner of two trademark registrations in the United States Patent and Trademark Office:  ®, Registration. 4,628,343 ("'343 Reg.") and INSURANCE KING®, Registration No. 4,628,341 ("'341 Reg.") (collectively "King Marks") for "insurance brokerage services" with first use claimed in April 2000. The King Marks are incontestable and copies of the Registration certificates are attached as Exhibits D and E, respectively.

15. King Agency has developed the King Marks at great expense and such are valuable and irreplaceable assets. King Agency has invested substantial sums in advertising and promotion of its services under the King Marks and such have come to be recognized as identifying King Agency and its services.

16. King Agency has a vital economic interest in the protection and preservation of the King Marks and the maintenance of the goodwill and reputation associated therewith.

**DEFENDANTS' ACTIONS**

17. King Agency is informed and believes that Defendant The Moss Agency and Does 1-10 are insurance brokers for the sale of insurance products including auto insurance. As noted above, The Moss Agency operates using the DBAs and tradenames, Epiq Insurance Agency, Epiq and Insurancewins. King Agency is informed and believes that The Moss Agency uses a web address found at https://epiqagency.com/. Multiple sources including those found in Exhibits B and C identify Epiq's website as the website used for The Moss Agency. https://insurancewins.com/ is a website used by each of the Defendants to participate in the

wrongful acts outlined in this complaint. On information and belief, Defendants Moss and The Moss Agency and Does 1- 10 own and/or exercise control over the operation of the insurancwins.com website including exercising control over the wrongful and unlawful acts outlined in this Complaint.



18. Upon information and belief, Defendants place bids through Google Adwords' Pay Per Click (PPC) program wherein King Agency is referenced several times as a search term, including "insurance king".  On or about April 19, 2021, King Agency discovered that Defendants had used the search term "insurance king" as part of a PPC campaign with the resulting ads that were served up to consumers who searched for "insurance king" reflecting an intentional desire to mislead and confuse consumers.  Specifically, the banner text of the ad, which, on information and belief, Defendants controlled, states in relevant part, "King Auto Insurance Quote $27 Full Coverage Auto Quotes".  Underneath the banner portion of the ad, the text further reads, " Save up to $674 today when you received a Free King Auto Quote."  When the consumer clicks on the ad, the consumer is taken to the insurance wins website and, on information and belief, to a specific web page specifically designed by Defendants as a landing page to track the success of consumers who click on the add.  The web page is located at www.insurancewins.com/king/quote.  As noted above, the insurance wins website is, on information and belief, owned and/or controlled by Defendants.  The ad is attached to this Complaint as Exhibit "F" and the ad is also replicated below:



19. Upon information and belief, Defendants place bids through the search engines Yahoo and Bing as well, also bidding on "Insurance King" as a search term. As with Google, Defendants also caused to be returned and published deceptive advertising to consumers who were looking for King Agency via the search engines Yahoo and Bing. The ads served up through these searches included deceptive ads that read "Top 10 Auto Insurance Quote-$27 Full Coverage Auto Quotes" and "Save up to $674 today when you received a Free King Auto

11

Quote." This ad, dated September 9, 2021 is attached to this Complaint as Exhibit "G" and the ad is also replicated below:



20. Upon information and belief, Defendants invest significant money in Adwords purchases through these various search engines. King Agency believes that it has been deprived of significant revenue from web users who have searched for King Agency and who have been misled by Defendants' PPC ads and Yahoo and Bing ads into purchasing insurance through entities that the web user consumers believed to be King Agency. To be clear, King Agency's complaints here are not simply that Defendants bid on King Agency's trademarks as search

terms through Google Adwords, Yahoo and Bing, but rather, that Defendants bid on such trademarks as search terms as part of a scheme to then present those web users who are lured to Defendants' advertisements, with deceptive advertisements that cause Internet users to believe they (the web users) are contacting King Agency when in fact, the web users are not contacting King Agency, but instead the web users are contacting Defendants. Defendants do this to pass off Defendants' services as those of King Agency's. Defendants do this knowingly and with an intent to trade off of King Agency's good will by deceiving web users through the scheme referenced above.

21. Defendants' usage of "KING AUTO INSURANCE" and "FREE KING AUTO QUOTES", verbiage in the ads identified above was and is designed to deceive web users to believe that the web users are contacting King Agency when in fact web users who click through Defendants' deceptive ads are ultimately captured by Defendants who then serve as a broker for the web user's insurance needs. On information and belief, Defendants thus profited from earning commissions by selling insurance to confused and deceived insurance consumers who thought he or she was actually contacting King Agency to purchase insurance. This wrongful scheme has resulted in both Defendants wrongfully earning profits that but for the unlawful acts identified in the Complaint the Defendants would not have earned, and also, such unlawful activity has deprived King Agency of revenue it would have earned had the consumers who were looking for King Agency on the web, (but who were instead misdirected to Defendants) had found King Agency. Had the consumers not been misled by Defendants' unlawful acts as articulated in this Complaint, King Agency would have instead sold insurance as a broker to the consumers who otherwise purchased insurance through the Defendants acting as a broker.

22. The ads set forth above and which are attached to this Complaint as Exhibits "F" and "G" and as described above, also falsely lead consumers to believe that (1) Defendants are

King Agency and (2) that King Agency will thus issue insurance for "$27 Full Coverage Auto Quotes".  These statements are literally false because Defendants are not King Agency and in fact, Defendants do not offer "full coverage auto" insurance for $27.

23.     On May 14, 2021, King Agency sent Defendant Epiq a cease and desist letter demanding that the unlawful conduct identified above cease.  King Agency received no response to that letter and sent another letter dated May 25, 2021.  King Agency received no response to that letter and sent another letter date September 17, 2021.  The May 14, 2021 and the May 25, 2021 letters were delivered by Fed Ex and delivery of the letters has been confirmed.  The September 17, 2021 letter was sent via First Class Mail and E-Mail.  All three letters, namely the September 17, 2021, the May 14, 2021 and the May 25, 2021 letters are attached to this Complaint as Exhibit "H".  No response was ever received to these letters and Defendants continued with its unlawful behavior even after receiving these letters.

## FIRST CAUSE OF ACTION
### (For Trademark Infringement, 15 U.S.C. §1114
### (Against All Defendants)

24.     King Agency realleges, and incorporates herein by this reference the allegations contained in all the prior paragraphs as though fully set forth herein.

25.     Defendants and each of them have infringed the King Marks by way of Defendants' unauthorized use in commerce of "INSURANCE KING" as a search terms coupled with the resulting ad copy and text as identified above, including but not limited to "KING AUTO INSURANCE QUOTE" and "FREE KING AUTO QUOTES." These uses of the King Marks and/or confusingly similar variations thereof, despite repeated demands by King Agency to cease in connection with their advertising, marketing, and provision of insurance brokerage services, as alleged herein, is likely to cause confusion, to cause mistake, or to deceive

consumers.

26. Defendants' acts, alleged herein, constitute willful federal trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

27. By reason of Defendants' actions, King Agency has suffered irreparable harm to its valuable trademarks and the goodwill associated therewith. King Agency has been and, unless Defendants are preliminarily and permanently restrained from their actions, will continue to be irreparably harmed. King Agency has no adequate remedy at law and therefore seeks injunctive relief under 15 U.S.C. § 1116.

28. Defendants knew or should have known that their unlawful acts were likely to confuse and mislead consumers as to the source of their services. Indeed, as alleged above, Defendants were well aware that the complained of acts herein would result in consumers being confused. It was that very confusion that Defendants hoped to and did, on information and belief, profit from. Accordingly, this is an exceptional case under 15 U.S.C. § 1117(a).

29. As a direct and proximate result of the foregoing acts, practices, and conduct of Defendants, King Agency has been substantially injured in its business resulting in lost revenues, lost profits, loss of goodwill, diminished reputation and other damages in an amount to be proven at trial but which exceeds $75,000. The wrongful activity of Defendants also requires Defendants to pay their profits as a remedy pursuant to 15 U.S.C. § 1117(b).[1]

---

[1] It should be noted that per the cease and desist letters (Exhibit "H") all King Agency wanted was for the wrongful conduct to cease and specifically said that "our client does not want your money. Rather, our client wants you to simply cease engaging in your infringing activity." Having ignored these warnings, Defendants will now have to face the consequences of such bad behavior including having to pay over its profits and damages. As we noted in our letter of May 14, 2021, "However, if you don't comply with our demands, we will have no choice but to take formal enforcement actions against you. If we are forced to do this, we will insist on being paid."

30. Defendants acts were willful and King Agency is entitled to recover reasonable attorneys' fees and costs under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

**(False Designation of Origin, False Advertising and Unfair Competition 15 U.S.C. §1125(a)) (Against All Defendants)**

31. King Agency realleges, and incorporates herein by this reference the allegations contained in all the prior paragraphs as though fully set forth herein.

32. Defendants' wrongful and willful acts as articulated above constitutes false advertising, false designation of origin and unfair competition. Defendants' unauthorized use in commerce of "Insurance King", "King Auto Insurance Quotes" "$27 Full Coverage Auto Quotes" all with the intent to deceive confuse consumers and despite repeated demands by King Agency to cease, in connection with their advertising, marketing, and providing of insurance brokerage services, as alleged herein, is likely to cause confusion, to cause mistake, or to deceive consumers as to the origin, source, sponsorship or affiliation of Defendants' services and is likely to cause consumers to erroneously believe that Defendants' services are in some way affiliated with King Agency. Defendants uses as articulated herein, are literally false and, on information and belief, caused consumers to click on Defendants' ads and purchase auto insurance through Defendants.

33. Defendants knew or should have known that their unlawful activity as articulated in this Complaint, was likely to confuse and mislead consumers as to the source of their services. Defendants were well aware that the complained of acts herein would result in consumers being confused. It was that very confusion that Defendants hoped to and did, on information and belief, profit from.

34. As a direct and proximate result of the foregoing acts, practices, and conduct of

16

Defendants, King Agency has been substantially injured in its business resulting in lost revenues and profits, and diminished goodwill and reputation.

35. As a direct and proximate result of the foregoing acts, practices, and conduct of Defendants, King Agency has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law, including without limitation the loss of consumer goodwill and unless enjoined and restrained by the Court, Defendants will continue to engage in conduct in violation of the Lanham Act and Defendants actions render the matter exceptional under 15 U.S.C. §1117(c).

36. As a result of Defendants' acts, King Agency has suffered damages in an amount to be proven at trial but which exceeds $75,000. King Agency is further entitled to attorneys' fees and costs, and the profits earned by Defendants attributable to their wrongful conduct.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Insurance King Agency prays for judgment as follows:

A. For general, compensatory and special damages according to proof at the time of trial including an enhancement by the Court as set forth in 15 U.S.C. § 1117;

B. For a disgorgement of the profits earned by Defendants that are attributable to the wrongful acts set forth herein pursuant to 15 U.S.C. § 1117;

C. For a determination that this case is "exceptional" and that Defendants be ordered to pay the reasonable attorneys' fees and costs incurred by King Agency in prosecuting this action pursuant to 15 U.S.C. § 1117;

D. For the grant of a permanent injunction enjoining Defendants from using "INSURANCE KING" "KING AUTO INSURANCE" or common misspellings or any confusingly similar marks, in connection with the marketing, promotion, or advertising of

Defendants' services.

E. For the grant of a permanent injunction enjoining Defendants from offering insurance for $27 or for any amount unless and in fact, Defendants do offer insurance premiums for $27 or any other advertised price, inclusive of all fees and costs for that insurance.

F. For the costs of this action and for pre-judgment interest as allowed by law; and

G. For any such further legal and equitable relief as the Court deems proper.

Respectfully Submitted,
 /s/ Timothy Chai
Todd Gray (0071568)
Y. Timothy Chai (0092202)
Daniel C. DeCarlo (Pro Hac Vice Application to be filed)
LEWIS BRISBOIS BISGAARD & SMITH LLP
1375 E. 9th Street, Suite 2250
Cleveland, Ohio 44114
Tel. 216.344.9422
Fax 216.344.9421
Todd.Gray@lewisbrisbois.com
Timothy.Chai@lewisbrisbois.com
Dan.DeCarlo@lewisbrisbois.com
*Attorneys for Plaintiff Insurance King Agency, Inc.*

## REQUEST FOR JURY TRIAL

Plaintiff demands a trial by jury on all triable factual issues pursuant to Ohio law and the Federal Rules of Civil Procedure.

*/s/ Timothy Chai*

Y. Timothy Chai (0092202)
*Attorney for Plaintiff INSURANCE KING AGENCY, INC.*